**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANIL GIL, | Case No.: 26-cv-3945-BJC-DEB |
| Petitioner, | **ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |
| v. | |
| WARDEN, Imperial Detention Facility et. al., | |
| Respondents. | |

On July 9, 2026, Petitioner Anil Gil filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. Respondents filed a return to the Petition on July 16, 2026.  ECF No. 5.

Petitioner is a citizen of India who entered the United States without inspection on March 18, 2023. On March 21, 2023, Petitioner was released from custody on an Order of Release on Recognizance. Petitioner pursued an asylum claim and was issued a work permit. On June 28, 2026, Petitioner was pulled over by ICE agents and detained.  He was not given proper notice or an opportunity to contest his detention.  He remains detained at the Imperial Detention Center.

Courts may grant habeas corpus relief to those "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241; *see also Hamdi v.*

26-cv-3945-BJC-DEB

*Rumsfeld,* 542 U.S. 507, 525, 124 S. Ct. 2633, 2644, 159 L. Ed. 2d 578 (2004) ("[T]he writ of habeas corpus remains available to every individual detained within the United States."). Courts are authorized to grant writs pursuant to § 2241 to noncitizens in custody in violation of the Constitution or laws or treaties of the United States. *Magana-Pizano v. I.N.S.*, 200 F.3d 603, 609 (9th Cir. 1999).

Petitioner contends his indefinite detention violates Immigration and Naturalization Act ("INA"), the Due Process Clause of the Fifth Amendment, and the Administrative Procedures Act ("APA"). ECF No. 1 at 11-12. Respondents do not address Petitioner's arguments. Instead, Respondents contend that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2), but acknowledge that "this Court, and Courts in this District, have repeatedly reached the opposite conclusion under the same and/or similar facts" therefore the "government does not oppose the petition. . . ECF No. 5 at 1-2.

Under applicable regulations, parole is "terminated upon written notice to the [noncitizen]." 8 C.F.R. § 212.5(e)(2). Additionally, Petitioner was entitled to due process, including written notice, the reasons for the termination, and an opportunity to contest the determination, prior to termination of his parole. *Noori v. LaRose*, No. 25-CV-1824-GPC-MSB, 2025 WL 2800149, at *11 (S.D. Cal. Oct. 1, 2025). Petitioner contends, and Respondents do not dispute, that Petitioner was provided no individualized determination, and no opportunity to be heard before he was detained. The Court finds Petitioner's revocation of his release and detention violates his due process rights.

Accordingly, the Court **GRANTS** the petition for a writ of habeas corpus. Respondents shall immediately release Petitioner under the previously determined conditions. Respondents are enjoined from re-detaining Petitioner without complying with 8 C.F.R. § 212.5 and due process. The Clerk of Court shall close this matter.

**IT IS SO ORDERED**.

Dated: July 17, 2026

Honorable Benjamin J. Cheeks
United States District Judge

26-cv-3945-BJC-DEB